1  HARDER MIRELL & ABRAMS LLP
   CHARLES J. HARDER (State Bar No. 184593)
2  1925 Century Park East, Suite 800
   Los Angeles, California 90067
3  Telephone:  (424) 203-1600
   Facsimile:   (424) 203-1601
4
   Attorneys for Plaintiff
5  OPTIMAL FUSION, INC.

6

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9

| 10 | OPTIMAL FUSION, INC., a California corporation, | Case No. |
|---|---|---|
| 11 | | **COMPLAINT FOR:** |
| 12 | Plaintiff, | **1. BREACH OF CONTRACT;** |
| 13 | v. | **2. FRAUD;** |
| 14 | THEWAY HOLDINGS, LLC, a Florida limited liability company; and DOES 1-10, inclusive, | **3. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;** |
| 15 | Defendants. | |
| 16 | | **4. NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS.** |
| 17 | | |
| 18 | | |
| 19 | | ***DEMAND FOR JURY TRIAL*** |

20       Plaintiff Optimal Fusion, Inc. (herein, "Optimal Fusion" or "Plaintiff")
21  alleges as follows:
22                    **SUMMARY OF THE ACTION**
23       1.    Defendant TheWay breached its written agreement with Optimal
24  Fusion and committed fraud by selling to Optimal Fusion fake and fraudulent online
25  referrals.  Such acts had the effect of interfering with Optimal Fusion's contractual
26  relations with one of its clients.  As a result, Optimal Fusion was damaged in excess
27  of $350,000.
28

## THE PARTIES

2. Plaintiff is, and at all relevant times relevant hereto, was a corporation organized and existing under the laws of the State of California, and doing business in the State of California, County of Los Angeles.

3. Plaintiff is informed and believes and based thereon alleges that defendant THEWAY HOLDINGS, LLC ("TheWay") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Florida, and doing business in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and based thereon alleges that the fictitiously-named defendants sued herein as Does 1 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions, and circumstances alleged herein. The true names and capacities of such fictitiously-named defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously-named defendants when the same have been ascertained. For convenience, each reference to a named defendant herein shall also refer to Does 1 through 10. All defendants, including both the named defendants and those referred to herein as Does 1 through 10, are sometimes collectively referred to herein as "Defendants."

5. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants,

and each of them.

6. Plaintiff is a leading integrated media company utilizing exclusive properties and platforms to link brands and consumers through targeted-high-impact marketing solutions. Plaintiff's services include providing its clients with "referrals" (i.e., email addresses) (the "Referrals") in connection with the clients' e-mail marketing and/or promotional campaigns.

7. Plaintiff and TheWay entered into a written agreement pursuant to which TheWay agreed to provide Plaintiff with Referrals in exchange for payment. TheWay knew that Plaintiff had an agreement with a client to provide the client with Referrals provided by TheWay. The referrals that TheWay provided, however, were false and fraudulent, and had the effect of causing damages to Plaintiff in excess of $350,000. Defendants' wrongful conduct has interfered with Plaintiff's contractual and economic relations with its client.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over each of the Defendants because they solicit, transact, and do business within the State of California, and committed the unlawful and tortious acts alleged herein within the State of California, as well as outside of the State of California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

10. Venue is proper in the Central District of California under 28 U.S.C. §1391(b) because the events giving rise to the claims set forth in this Complaint occurred in this judicial district, and both Plaintiff and each of the Defendants do business in this District.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

11. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 10 inclusive, as though fully set forth herein.

12. A valid, binding, and enforceable contract existed between Plaintiff, on the one hand, and TheWay, on the other hand.

13. Plaintiff performed all of its obligations required of Plaintiff to be performed under the agreement with TheWay, except to the extent its obligations were excused because of TheWay's prior material breach of the agreement, as alleged herein.

14. As alleged herein, TheWay has caused a material breach of the agreement by providing false and fraudulent Referrals.

15. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at the time of trial, which amount is not less than Three Hundred Fifty Thousand Dollars ($350,000).

## SECOND CAUSE OF ACTION

### Fraud

### (Against All Defendants)

16. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 15 inclusive, as though fully set forth herein.

17. TheWay engaged in fraud against Plaintiff by, among other things, falsely representing to Plaintiff that it would provide Plaintiff with valid Referrals. Plaintiff is informed and believes and based thereon alleges that TheWay knew that the representation was false at the time it was made. Plaintiff did not know and had

no reason to know that the representation was false at the time it was made and reasonably relied upon the representation. Plaintiff has suffered damages as a result.

18. As a direct and proximate result of Defendants' acts of fraud, Plaintiff has been damaged in an amount to be determined at the time of trial, which amount is not less than Three Hundred Fifty Thousand Dollars ($350,000).

19. In doing the things herein alleged, Defendants acted willfully, maliciously, oppressively and despicably, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

### THIRD CAUSE OF ACTION

**Intentional Interference With Contractual Relations**

**(Against All Defendants)**

20. Plaintiff repeats, re-alleges, adopts, and incorporates each and every allegation contained in paragraphs 1 through 19, as though fully set forth herein.

21. Each of the Defendants was aware of the contractual and economic relations between Plaintiff, on the one hand, and its client, as alleged above.

22. Each of the Defendants engaged in the acts alleged above, which had the direct and proximate effect of interfering with Plaintiff's rights pursuant to its contractual and economic relations, and in causing Plaintiff's client to refuse to pay Plaintiff under its contract with Plaintiff.

23. In undertaking such actions, each of the Defendants knowingly and intentionally interfered with Plaintiff's contractual and economic relations with its client.

24. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at the time of trial, which amount is

not less than Three Hundred Fifty Thousand Dollars ($350,000).

25. In doing the things herein alleged, Defendants acted willfully, maliciously, oppressively and despicably, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

### Negligent Interference With Contractual Relations

**(Against All Defendants)**

26. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in paragraphs 1 through 25, as though fully set forth herein.

27. Each of the Defendants should have been aware of the contractual and economic relations between Plaintiff, on the one hand, and its client, as alleged above.

28. Each of the Defendants engaged in the acts alleged above, which had the direct and proximate effect of interfering with Plaintiff's rights pursuant to its contractual and economic relations, and in causing Plaintiff's client to refuse to pay Plaintiff under its contract with Plaintiff.

29. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at the time of trial, which amount is not less than Three Hundred Fifty Thousand Dollars ($350,000).

-6-
COMPLAINT

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

**AS TO ALL CAUSES OF ACTION:**

1. General and special damages in an amount according to proof at trial, which amount is not less than Three Hundred Fifty Thousand Dollars ($350,000), together with interest thereon at the maximum legal rate;

2. Punitive damages in an amount according to proof at the time of trial;

3. For all costs of suit incurred herein;

4. Interest at the maximum legal rate; and

5. For such other and further relief as the Court may deem to be just and proper.

Dated: August 20, 2014          HARDER MIRELL & ABRAMS LLP

                                By: */s/ Charles J. Harder*
                                    CHARLES J. HARDER
                                    Attorneys for Plaintiff
                                    OPTIMAL FUSION, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  August 20, 2014         HARDER MIRELL & ABRAMS LLP

                                By: */s/ Charles J. Harder*
                                    CHARLES J. HARDER
                                    Attorneys for Plaintiff
                                    OPTIMAL FUSION, INC.